**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ABIGAIL ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-484-TCK-PJC |
| ) | |
| UNIVERSITY OF TULSA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is a letter to the undersigned from Plaintiff's counsel, which was hand-delivered to chambers on March 14, 2017. The Court has now docketed the letter and made it public record. (Doc. 331.) In the letter, Plaintiff's counsel raises concerns that the undersigned's partiality might reasonably be questioned based on certain financial contributions to Defendant the University of Tulsa ("TU"). Plaintiff argues that, if accurately portrayed in the letter, these donations warrant recusal pursuant to 28 U.S.C. § 455(a), which requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." As a course of action, Plaintiff's counsel proposes that Plaintiff dismiss the appeal currently pending before the Tenth Circuit and seek remand to this Court. Under Plaintiff's proposal, the undersigned would then recuse, vacate all prior orders, and reassign the case to a new judge in this district. Plaintiff's counsel "ask[s] that the Court respond no later than this Friday, March 17, 2017, in the event the record on appeal needs any supplementation."

For purposes of clarity and transparency, the Court elects to treat the letter as a motion to disqualify pursuant to 28 U.S.C. § 455(a) and rule upon the motion by this written Order. The motion was submitted to the Court after Plaintiff filed a notice of appeal. The case is fully briefed before the Tenth Circuit and set for oral argument on Wednesday, March 22, 2017. Subject to

certain narrow exceptions for collateral matters, the filing of a notice of appeal divests the Court of jurisdiction. *See Warren v. Am. Bankers Ins. of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007); *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006). Motions to disqualify are not collateral matters. *See Noble v. United States*, No. 2:07-CV-158TS, 2009 WL 1651439, at *1 (D. Utah June 11, 2009) (explaining that court would clearly lack jurisdiction over motion to disqualify counsel filed after notice of appeal). Thus, the Court lacks jurisdiction to decide the motion or take any actions related to disqualification while the case is pending on appeal.

Even assuming the Court had jurisdiction over the motion to disqualify, it would likely be untimely at this late stage of the proceeding. *See Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988) (explaining that motions to recuse under § 455(a) must be timely filed and that motion filed after close of discovery was untimely). Here, the Court has entered a final judgment, and recusal would "waste[] judicial resources and encourage[] manipulation of the judicial process." *Id.*

For purposes of clarifying the most significant donation discussed in the letter, the Court offers the following information. In 2011, my wife made a gift to TU, her alma mater, in the form of a single-payment life insurance policy. She purchased the life insurance policy for approximately $16,000, and it is payable to TU in the amount of $100,000 upon her death. My wife purchased the policy with her separate funds, and the gift does not appear on my personal tax return. Neither this donation, or any other donations of which I am aware, would cause "a reasonable person, knowing all the relevant facts," to "harbor doubts about [my] impartiality" in this case and warrant recusal under § 455(a). *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir.1992). In addition, TU is not my alma mater, and I have no access to extra-judicial facts relevant to this or other cases

involving TU. *See Chalenor v. Univ. of N.D.*, 291 F.3d 1042, 1049-50 (8th Cir. 2002) ("Both the fact that Judge Webb is an alumnus of the University and the fact that he has contributed financially to the University are immaterial, unless the facts indicated a specific and particular interest in the wrestling program or some other particularly relevant problem."); *Lunde v. Helms*, 29 F.3d 367, 371 (8th Cir. 1994) ("We do not think that making alumni contributions or participating in university educational programs, without more, is a reasonable basis for questioning the judge's impartiality."); *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir. 1993) (while court noted that recusal may be required if judge was university trustee or could learn about the case through "extensive school ties," his mere status as adjunct professor and past financial contributions to university were insufficient to warrant recusal); *see generally* Charles Gardner Geyh, *Judicial Disqualification: An Analysis of Federal Law* (2d ed. 2010) (discussing "recurring scenarios" warranting § 455(a) recusals, none of which are similar to facts presented).

Plaintiff's letter (Doc. 331), which the Court construes as a motion to disqualify, is dismissed for lack of jurisdiction. The remaining dicta in this Opinion and Order is offered only in the alternative and to expedite issues that may arise on appeal.

**SO ORDERED** this 17th day of March, 2017.

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**